UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Gamada Hussein,

            Plaintiff,            Court File No. 19-cv-46 (JNE/LIB)

v.

                          **REPORT AND RECOMMENDATION**

Essentia Health,

            Defendant.

---

This matter came before the undersigned United States Magistrate Judge pursuant to an Order of referral from the Honorable Joan N. Ericksen, [Docket No. 15], made in accordance with the provisions of 28 U.S.C. § 636(b)(1), and upon Defendant's Motion to Dismiss. [Docket No. 9]. On April 19, 2019, the Court established a briefing schedule for Defendant's Motion to Dismiss. (Order [Docket No. 19]). The Court held a motion hearing on June 11, 2019, and thereafter took Defendant's Motion under advisement. (Minute Entry [Docket No. 22]).

For the reasons discussed herein, the Court recommends that: (1) Defendant's Motion to Dismiss, [Docket No. 9], be **GRANTED** in part and **DENIED** in part; and (2) that the District Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

### I. BACKGROUND AND STATEMENT OF FACTS[1]

Plaintiff is a Muslim of Ethiopian origin who was employed by Defendant as a medical laboratory scientist "for about a month." (Compl., [Docket No. 1], at 3). Plaintiff alleges that Defendant "acted in concert with the third party conspired and contributed to the unlawful acts

---

[1] For the purposes of the present Motion to Dismiss under Rule 12(b)(6), the Court accepts the facts alleged in the Complaint as true and construes them in the light most favorable to Plaintiffs. See, Carlsen v. Game Stop, Inc., 833 F.3d 903, 908 (2016) (stating that a facial attack on jurisdiction under Rule 12(b)(1) receives Rule 12(b)(6) protection, so a reviewing court must accept as true all facts alleged in the complaint).

against Plaintiff, which include the use of most notorious, abusive, intrusive, and oppressive surveillance, physical, mental and psychological torture, harassment, discrimination, abuses, food poisoning, invasion of privacy, and retaliation." (Id.). Plaintiff further alleges that employees of Defendant "started harassing the plaintiff from day one of employment with the very detail of the plaintiff's life and surveillance activities." (Id.). Furthermore, Plaintiff claims that "[t]here has never been a time when the plaintiff enjoyed his food, drinks, and time in Essentia Health like any other coworkers. The plaintiff had been either verbally harassed or his foods and drinks actually sabotaged." (Id.).

Plaintiff also alleges that Defendant "acted per third party request to retaliate against [his] protective [sic] activities." (Id. at 3). Plaintiff also contends that he is a "victim of persecution, tortures [sic], illegal searches, and malicious investigation, abuse of process and invasion of privacy by the law enforcement agencies, in concert with and with facilitation from Defendant." (Id.).

Plaintiff also alleges that "On 10/01/2018 during my orientation at Duluth I was served pizza with Marijuana." (Id. at 5).

Plaintiff further alleges that while he was employed by Defendant, he "complained about the unfair treatment, harassment, and discrimination, and unlawful employment practices in the workplace by Defendant," and "[i]mmediately following such complaint, Defendants retaliated against [him] by refusing the promised flexible schedule and forced him to quit his employment for false and pretextual reasons." (Id. at 5). Plaintiff also alleges that "[c]oworkers including my own supervisor messes up with my performances." (Id.).

Plaintiff also alleges that both "Lab manager Sandra Mattson, and Lab Supervisor, Matt Peterson knew the details of the issues surrounding me including ongoing politically motivated

persecution. They also knew that every single day I struggle to avoid food and drink sabotages. I remember days Matt Peterson was saying to other coworker [sic], 'They put him up there today.'" (Id. at 4). He also alleges that "[m]ost of my coworkers at Fairview Health Services had been discussing [his] sexual activities and [his] relationship." (Id.).

Based on these factual allegations, Plaintiff brings nine claims against Defendant: (1) violation of the anti-retaliation provision of the Fair Labor Standards Act (FLSA); (2) discrimination under 42 U.S.C. § 2000e; (3) discrimination under the Minnesota Human Rights Act; (4) violation of the Fourth Amendment; (5) discrimination under 42 U.S.C. § 1981; (6) battery; (7) invasion of privacy; (8) intentional infliction of emotional distress; (9) retaliation under 42 U.S.C. § 2000e-3(a); and hostile work environment. (See, Compl. [Docket No. 1]).

## II.   DEFENDANTS' MOTION TO DISMISS. [DOCKET NO. 18].

Defendant moves this Court to dismiss Plaintiff's various claims for failure to state a claim upon which relief may be granted. (Def.'s Mot. to Dismiss [Docket No. 9]). Defendant broadly argues that none of Plaintiff's allegations include any specific wrongful conduct by Defendant. (Def.'s Mem. in Supp., [Docket No. 11], at 7).

In opposition to the present motion, Plaintiff merely states that, "In the case at hand, Plaintiff's complaint contains more than sufficient factual matter to survive Defendant's motion to dismiss; plaintiff was subject to the most notorious, intrusive, abusive, and oppressive surveillance and Essentia Health immediate [manager] and supervisor of the plaintiff are part of it." (Plf.'s Opp., [Docket No. 16], at 3).

### A.  Standard of Review

To state a cause of action that will survive a Rule 12(b)(6) motion, a complaint must allege a set of facts, which, if proven true, would entitle the plaintiff to legal redress against the named defendants under an established legal theory. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). In short, "the complaint must allege facts, which if true, state a claim as a matter of law." Id. When deciding a Rule 12(b)(6) motion to dismiss, a court generally may not consider materials outside the pleadings and assumes all facts alleged in the complaint are true, construing all reasonable inferences from those facts in the light most favorable to the complainant. Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008); Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "[I]n fulfilling its duty to liberally construe a civil-rights pleading," a court is not required to "divine the litigant's intent and create claims that are not clearly raised," nor is the court required to "read or construct an argument into a civil-rights pleading." Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004). Likewise, while pro se complaints "are to be held to less stringent standards than formal pleadings drafted by lawyers, a district court should not assume the role of advocate for the pro se litigant, nor may a district court rewrite a [complaint] to include claims that were never presented." Semler v. Ludeman, No. 09-cv-0732 (ADM/SRN), 2010 WL 145275, at *5 (D. Minn. Jan. 8, 2010) (internal quotation marks and citations omitted). Furthermore, "[p]ro se litigants are not excused

4

from complying with court orders or substantive and procedural law." Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) (citing Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984)).

### B. Analysis

On the face of the Complaint, Plaintiff asserts mere legal conclusions against Defendant and, as discussed below, even construing the Complaint in his favor, he does not allege any facts that support any of his legal claims against Defendant. Additionally, as a matter of public record, the Court notes that Plaintiff has filed a nearly identical Complaint against another one of his former employers in a related case, Gamada Hussein v. Fairview Health Services, 19-cv-47 (JNE/LIB).[2] These nearly identical complaints further emphasize that Plaintiff has only alleged generalized legal conclusions against Defendant, and he has failed to allege specific facts regarding any actions committed by the Defendant here that would support Plaintiff's various legal claims against Defendant.

#### 1. Fair Labor Standards Act

With regard to Plaintiff's retaliation claim under the FLSA, Defendant argues that the "complaint does not contain a single allegation regarding [Defendant's] wage and hour practices or other FLSA-governed matters." (Def.'s Mem. in Supp., [Docket No. 11], at 8).

---

[2] The Court also notes that, as a matter of public record, Plaintiff previously advanced several similar conclusory factual allegations against various Government actors in this District in Hussein v. Holder, 16-cv-780 (SRN/SER) (D. Minn. 2016). There, Plaintiff sued the Department of Justice, the Federal Bureau of Investigations, among others, alleging that they were part of a vast conspiracy against him that included "intense surveillance, physical, mental and psychological torture, oppression, harassment, discrimination, abuse, threats against his life, attempted assassination, intimidation, invasion of privacy and defamation by the government agencies, both local and federal, since 2008 and still going on." (See, Compl. [Docket No. 1]). On March 3, 2017, the Court recommended dismissal of all of Plaintiff's claims against the various government defendants and that recommendation was adopted on May 10, 2017. In the present case, at the June 11, 2019, motions hearing, Plaintiff primarily discussed his past allegations against the various government agencies previously dismissed in 16-cv-780.

5

The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., governs minimum wage and overtime compensation requirements, prohibits gender-based discrimination in the payment of wages, and requires various methods of record keeping by employers that fall within the FLSA's coverage. The FLSA also prohibits employers from retaliating against employees who engage in protected activities by reporting wage and hour violations. 29 U.S.C. § 215(a)(3); See, Montgomery v. Havner, 700 F.3d 1146, 1148–49 (8th Cir. 2012).

The anti-retaliation provision of the FLSA makes it unlawful for any person:

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3). Thus, in order "[t]o establish a prima facie case of retaliation, [plaintiff must] show that he participated in a statutorily protected activity, that [defendant] took an adverse employment action against him, and that there was a causal connection between them." Grey v. City of Oak Grove, 396 F.3d 1031, 1034–35 (8th Cir. 2005). Then, if defendants articulate legitimate, non-retaliatory reasons for the adverse employment action, the plaintiff must show that those reasons "were not the true reasons for [the action], but merely a pretext for retaliation." Id. at 1035.

In the present case, Plaintiff has failed to allege any specific facts that Defendant engaged in any adverse conduct related to Plaintiff's wage or hours while he was working for Defendant that would trigger the protections of the FLSA. Rather, Plaintiff only generally alleges that while he was employed by Defendant, he "complained about the unfair treatment, harassment, and discrimination, and unlawful employment practices in the workplace by Defendant," and "[i]mmediately following such complaint, Defendants retaliated against [him] by refusing the promised flexible schedule and forced him to quit his employment for false and pretextual

6

reasons." (Compl., [Docket No. 1], at 5). Plaintiff's allegations, however, do not include any details whatsoever about what sort of treatment he was subjected to that caused him to complain to Defendant. Furthermore, although Plaintiff alleges that Defendant refused to give him a "promised flexible [work] schedule," this is not a sufficient factual allegation of a type of wage or hours related conduct protected by the FLSA. Thus, even accepting Plaintiff's generalized allegations as true, Plaintiff has <u>not</u> made any specific factual allegations that would support a finding that Plaintiff engaged in activity protected by the FLSA.

Accordingly, the Court recommends that Plaintiff's FLSA claim should be dismissed without prejudice pursuant to Rule 12(b)(6) for failure to state a plausible claim upon which relief can be granted.

### 2. Discrimination

Count 2 and 5 of Plaintiff's Complaint respectively brings claims for discrimination under 42 U.S.C. § 2000e (Title VII), which prohibits employment discrimination, and discrimination under 42 U.S.C. § 1981, which prohibits discrimination with respect to contracts. (<u>See</u>, Compl. [Docket No. 1]).

Defendant argues that Plaintiff fails to allege facts upon which any discrimination claims could be based. (Def.'s Mem. in Supp., [Docket No. 11], at 9). The Court agrees with Defendant.

Regardless of the legal basis for Plaintiff's discrimination claims, they are all analyzed under the same framework. <u>See</u>, <u>Kim v. Nash Finch Co.</u>, 123 F.3d 1046, 1056 (8th Cir. 1997) (claims brought under Title VII, Section 1981, and Section 1983 are analyzed under the same framework); <u>Saulsberry v. St. Mary's University of Minnesota</u>, 318 F.3d at 866 ("the elements of a MHRA, Title VII, and § 1981 discrimination claims are the same."); <u>Richmond v. Board of Regents of University of Minnesota</u>, 957 F.2d 595, 598 (8th Cir. 1992) ("To meet [the] burden of

showing a prima facie case of discrimination under Title VII, section 1981, [and] section 1983," the plaintiff must meet the same standard); Fuller v. Rayburn, 161 F.3d 516, 518 (8th Cir. 1998) (the same standard applies to claims brought under both Title VI and Title VII).

For a prima facie case of employment discrimination, Plaintiff must show: "(1) [he] engaged in statutorily protected conduct; (2) [he] suffered an adverse employment action; and (3) a causal connection exists between the two." Wilson v. Arkansas Dep't of Human Servs., 850 F.3d 368, 372 (8th Cir. 2017) (quoting Wells v. SCI Mgmt., L.P., 469 F.3d 697, 702 (8th Cir. 2006)). However, "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case" under McDonnell Douglas. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (holding that an employment discrimination complaint need not contain specific facts establishing a prima facie case under McDonnell Douglas). "The plaintiff's burden at the prima facie case stage of the analysis is not onerous." Wilson, 850 F.3d at 372 (quotations omitted); See also, Littlejohn v. City of New York, 795 F.3d 297, 309, 316 (2d Cir. 2015) (explaining that "the allegations in the complaint need only give plausible support to the reduced prima facie requirements that arise under McDonnell Douglas," which in turn "reduces the facts needed to be pleaded under Iqbal").

Based on the record presently before the Court, Plaintiff merely makes conclusory allegations and has wholly failed to allege any specific facts regarding any discriminatory conduct by Defendant or that an adverse employment action was related to any potential discriminatory motive. Rather, Plaintiff only makes conclusory allegations that "Defendant[] intentionally discriminated against Plaintiff on the basis of Plaintiff['s] race, color, religion, or national origin by terminating his employment." (Compl., [Docket No. 1], at 6). He further alleges generically that "Defendant[] intentionally discriminated against Plaintiff by subjecting Plaintiff to unlawful

8

employment practices by discharging him for nondiscriminatory [sic] purpose other than the basis of Plaintiff['s] race, color, religion, or national origin." (Id.).

Aside from these conclusory statements, however, Plaintiff does not allege any specific facts regarding any discriminatory action by Defendant taken against Plaintiff. Rather, it appears that Plaintiff is contending that solely because Defendant terminated him, the Defendant therefore must have had a discriminatory motive. However, this does not support any type of discrimination claim. See, e.g., Cariddi v. Kansas City Chiefs Football Club, Inc., 568 F.2d 87, 88 (8th Cir. 1977) (holding that a former employee's Title VII discrimination claim against his former employer was properly dismissed where the employee failed to show that there was a discriminatory motive for his termination).

Accordingly, this Court recommends that Plaintiff claims for discrimination under 42 U.S.C. § 2000e (Title VII) and discrimination under 42 U.S.C. § 1981, should be dismissed without prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### 3. Fourth Amendment

Here Defendant argues that Plaintiff has failed to allege that Defendant actually searched or seized Plaintiff's person or property or that Defendant did so under the color of state law. (Def.'s Mem. in Supp., [Docket No. 11], at 12).

The Fourth Amendment of the U.S. Constitution prohibits unreasonable searches and seizures by government actors. In the context of the Fourth Amendment, a seizure of property occurs whenever there is "some meaningful interference with an individual's possessory interest in that property." Soldal v. Cook County, 506 U.S. 56, 61 (1992). Furthermore, private actors may incur 42 U.S.C. § 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law. See, Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir.

9

1997).[3] The plaintiff must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiff's rights under the Constitution or laws of the United States. See, Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993).

Here, Plaintiff has not plausibly alleged with any sort of the requisite detail what state actor Defendant supposedly conspired with or who within Defendant's company was actually conspiring with a state actor. Furthermore, Plaintiff has not alleged with any level of specificity that an agreement existed between Defendant and a state actor.[4] Thus, Plaintiff has failed to plausibly plead that there was any sort of meeting of the minds between Defendant and a state actor.

Accordingly, the Court recommends that to the extent that Plaintiff brings a 42 U.S.C. § 1983 claim that Defendant violated his Fourth Amendment rights, his claim should be dismissed without prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### 4. Retaliation and Hostile Work Environment

Plaintiff broadly alleges that pursuant to 42 U.S.C. § 2000e-3(a), Defendant violated Title VII by retaliating against him for his protected activities. (Compl., [Docket No. 1], at 11).

In order to establish a prima facie case of retaliation, the plaintiff "must show 'that he engaged in protected conduct, that he suffered an adverse employment action, and that the adverse action was causally linked to the protected conduct.'" Putman v. Unity Health System, 348 F.3d

---

[3] Notably, Plaintiff does not reference 42 U.S.C. § 1983 anywhere in his Complaint, however, the Court is mindful of case law that requires the Court to liberally construe pleadings in favor of a pro se litigant. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Accordingly, the Court construes Plaintiff's Complaint to be asserting a claim under 42 U.S.C. § 1983 for a violation of his Fourth Amendment rights.

[4] In fact, throughout much of his Complaint, Plaintiff only seems to indicate that it was the unnamed Government actors who were responsible for much of the conduct alleged in his Complaint.

732, 737 (8th Cir. 2003) (quoting Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir. 1999)).

While Plaintiff vaguely alleges that he complained to Defendant of supposed unfair treatment, harassment, and discrimination by co-workers, he does not allege any actual facts or specific details to suggest that his termination was motivated by, and therefore, causally related to this allegedly protected conduct. More to the point, Plaintiff has wholly failed to allege any specific facts regarding any discriminatory conduct by Defendant or that his termination, an adverse employment action, was related to any potential discriminatory motive.

Therefore, even accepting Plaintiff's general allegations as true, Plaintiff has not made any specific factual allegations that would plausibly support Plaintiff was retaliated against for engaging in activity protected by Title VII.

Accordingly, the Court recommends that Plaintiff's 42 U.S.C. § 2000e-3(a) (Title VII retaliation) claim should be dismissed without prejudice pursuant to Rule 12(b)(6) for failure to state a plausible claim upon which relief can be granted.

Additionally, construing his Complaint broadly, contained within his previously discussed Title VII retaliation claim, Plaintiff is also potentially alleging a Title VII claim for hostile work environment against Defendant. (See, Compl., [Docket No. 1], at 9).

To state a Title VII claim for hostile environment harassment by nonsupervisory co-workers, an employee must establish: (1) membership in a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and his or her membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. Carter v. Chrysler Corp., 173 F.3d 693, 700 (8th Cir. 1999).

Based on the Complaint, Plaintiff has sufficiently plead that he is the member of protected class. However, Plaintiff has not plead any other specific facts that could be construed as creating a nexus between his membership in a protected class and any harassment he was allegedly subjected to by co-workers while employed by Defendant. Rather, Plaintiff makes only conclusory allegations that "Defendant intentionally created [a] hostile work environment and punished and discharged the plaintiff without plaintiff doing anything wrong." (Compl., [Docket No. 1], at 9). Nothing about this conclusory allegation factually establishes a plausible showing of a discriminatory motive on the part of Defendant. Rather, Plaintiff wholly fails to allege any specific facts as to how any alleged harassing conduct on the part of co-workers was related to his membership in a protected class, or that the Defendant knew or should have known of the alleged harassment and failed to take prompt and effective remedial action.

Accordingly, the Court recommends that Plaintiff's Title VII hostile work environment claim be dismissed without prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### 5. Plaintiff's State Law Claims

In its Motion to Dismiss, Defendant requests the Court also decide Plaintiff's state law claims on the merits and further dismiss those claims with prejudice. (Def.'s Mem. in Supp. [Docket No. 11]). The undersigned, however, as discussed below, recommends the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) by a federal court over state law claims may be exercised at the discretion of the District Court. Glorvigen v. Cirrus Design Corp., 581 F.3d 737, 749 (8th Cir. 2009). "[Supplemental jurisdiction] justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court

should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Id. If it appears that state issues substantially predominate, courts have tended towards dismissing said state law claims without prejudice, to be left for resolution by the state courts. Id.

Because this Court recommends dismissing all of Plaintiff's Federal law claims, the Court also recommends that the District Judge decline to exercise supplemental jurisdiction over all the remaining state law claims. See, Gregoire v. Class, 236 F.3d 413, 419–20 (8th Cir. 2000) (stating Federal Courts should exercise judicial restraint and avoid state law issues whenever possible).

### I.  CONCLUSION

Based on the foregoing reasons, all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendant's Motion to Dismiss, [Docket No. 9], be **GRANTED in part and DENIED in part**;

2. Plaintiff's claim under the Fair Labor Standards Act be **DISMISSED without prejudice**;

3. Plaintiff's discrimination claims pursuant to 42 U.S.C. § 2000e and 42 U.S.C. § 1981 be **DISMISSED without prejudice**;

4. Plaintiff's Fourth Amendment claim be **DISMISSED without prejudice**;

5. Plaintiff's Title VII retaliation claim pursuant to 42 U.S.C. § 2000e-3(a) be **DISMISSED without prejudice**;

6. Plaintiff's Title VII hostile work environment claim be **DISMISSED without prejudice**; and

7.  The District Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismiss them without prejudice.

Dated: August 6, 2019                                      s/Leo I. Brisbois
                                                           The Honorable Leo I. Brisbois
                                                           United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).