UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gamada Hussein,

       Plaintiff,

v.                                                                         Case No. 19-cv-46 (JNE/LIB)
                                                                       ORDER

Essentia Health,

       Defendant.

      Plaintiff is a Muslim of Ethiopian origin and was employed by Defendant "for about a month." ECF No. 1, Compl. at 3. Plaintiff alleges that Defendant: served him pizza with Marijuana during his employment orientation; conspired "to the unlawful acts against Plaintiff, which include the use of most notorious, abusive, intrusive, and oppressive surveillance, physical, mental and psychological torture, harassment, discrimination, abuses, food poisoning, invasion of privacy, and retaliation"; and terminated Plaintiff's employment for "pretextual reasons" after Plaintiff complained about unfair treatment and unlawful employment practices. Compl. at 3–5. On these allegations, Plaintiff brought nine claims against Defendant: (1) violation of the anti-retaliation provision of the Fair Labor Standards Act (FLSA); (2) discrimination under 42 U.S.C. § 2000e; (3) discrimination under the Minnesota Human Rights Act; (4) violation of the Fourth Amendment; (5) discrimination under 42 U.S.C. § 1981; (6) battery; (7) invasion of privacy; (8) intentional infliction of emotional distress; and (9) retaliation under 42 U.S.C. § 2000e-3(a). Compl. at 5–10. He also applied to proceed *in forma pauperis*, which was granted. ECF Nos. 2, 4.

1

In a Report and Recommendation ("R&R") dated August 6, 2019, the Honorable Leo Brisbois, United States Magistrate Judge, recommended that the Court (1) dismiss all Plaintiff's federal claims without prejudice, and (2) decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismiss them without prejudice. ECF No. 23 at 13–14. The R&R found Plaintiff fails to allege facts to support his claims and only asserts legal conclusions on each of his claims brought under federal law. ECF No. 23 at 5.

Plaintiff objects to the R&R but has not raised any specific objections to the Magistrate Judge's proposed findings or recommendation. Instead, similar to his Complaint, Plaintiff states that he "has clearly demonstrated how the defendant joined conspiracies in concert and violated plaintiff [sic] rights . . . ." and that Defendant "had been fully aware of all these mistreatments and joined the third parties in verbal harassments, performance sabotages, and drugging [of Plaintiff] . . . ." ECF No. 24 at 2, 11.

A district court reviews de novo those portions of an R&R to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, "[o]bjections to an R&R that are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Bui v. U.S. Attorney's Office*, Civ. No. 15-2001 (JRT/FLN), 2015 WL 6758142, at *1 (D. Minn. Nov. 5, 2015), *aff'd*, 639 F. App'x 396 (8th Cir. 2016). Applying the latter standard, the Court finds that the R&R is not clearly erroneous.

The Magistrate Judge's recommendation is fully supported by both the record and applicable legal principles. The Court agrees with the findings in the R&R on each of Plaintiff's claims under federal law. First, on Plaintiff's FLSA claim, Plaintiff fails to allege any specific facts that Defendant engaged in adverse conduct related to Plaintiff's wages or hours that would trigger the protections of the FLSA. Second, on Plaintiff's employment discrimination claims under 42 U.S.C. § 2000e and 42 U.S.C. § 1981, Plaintiff fails to allege any specific facts regarding discriminatory conduct by Defendant or an adverse employment action by Defendant related to a discriminatory motive. Third, on Plaintiff's Fourth Amendment claim, Plaintiff fails to plausibly allege what state actor that Defendant, as a private actor, was working in concert with to violate Plaintiff's rights. Fourth, on Plaintiff's retaliation claim under 42 U.S.C. § 2000e-3(a), Plaintiff sufficiently pleads he is a member of a protected class but does not plead facts showing a nexus between his class and any alleged harassment by his co-workers or Defendant. The Court also agrees with the R&R's recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims because the Court has dismissed Plaintiff's claims under federal law.[1] Finally, the Court finds Plaintiff's motion for expedited

---

[1] In Plaintiff's objection, he states that Defendant's employee serving him pizza with marijuana "is very specific misconduct and it's a claim relief can be granted on [and that] [t]herefore, plaintiff objects [to] the Report and Recommendation." ECF No. 24 at 11. Plaintiff does not state which claim this allegation is related to or which portion of the R&R Plaintiff objects to on the basis of this allegation. The Court does not find this allegation related to his federal claims, which the Court dismisses, and can only infer this allegation relates to his state law claims, which the Court declines to exercise supplemental jurisdiction over.

discovery is moot because the Court dismisses, or declines to retain jurisdiction over, all claims Plaintiff seeks discovery on.

In short, the Court adopts the recommended disposition. IT IS ORDERED THAT:

1. This action [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's motion for expedited discovery [ECF No. 26] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 20, 2019

                                                    s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge